UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

        Petitioner,

v.                                           Case Number: 07-CV-15487
                                           Honorable Arthur J. Tarnow

THOMAS PHILLIPS,

        Respondent.
_____/

**ORDER
DENYING RESPONDENT'S MOTION TO STAY AND
GRANTING PETITIONER'S MOTION FOR IMMEDIATE RELEASE**

**I.    INTRODUCTION**

Petitioner Frank Nali brought a habeas corpus action challenging the constitutionality of his 2002 conviction for extortion. On June 29, 2009, this Court issued an Opinion and Order unconditionally granting Petitioner's petition for writ of habeas corpus, finding that there had been insufficient evidence presented at trial to prove beyond a reasonable doubt that Petitioner had committed the crime for which he was convicted. Now before the Court are Respondent's "Motion to Stay " [dkt. # 53], and Petitioner's "Motion for Immediate Release" [dkt. # 55].

**II.    ANALYSIS**

        **A.  Motion for Stay Pending Appeal and Motion for Immediate Release**

In deciding whether to stay an order granting habeas corpus relief pending appeal, a federal court should consider the following factors:

    (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

    (2) whether the applicant will be irreparably injured absent a stay;

>   (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
>   (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The court may also consider the risk that a petitioner may pose a danger to the public if released. *Hilton*, 481 U.S. at 777. Also to be considered is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal . . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* The ultimate determination "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* Where the state establishes a strong likelihood of success on the merits, or demonstrates a substantial case on the merits, continued custody is permissible if the State will be irreparably injured absent a stay and the public interest counsels in favor of a stay. *Id.* at 778. Where the state fails to make such a showing, the stay should be denied. *Id.*

In addition, Federal Rule of Appellate Procedure 23(c) provides that, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety." Fed.R.App.P. 23(c). The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton,* 481 U.S. at 774. That presumption, however, may be overcome in the district court judge's discretion. *Id.* Against that backdrop, the Court proceeds to its analysis.

First, the Court must consider whether the State has made a strong showing that it is likely to succeed on the merits. Petitioner argues that his continued incarceration serves no rehabilitative purpose as the Michigan Department of Corrections offers nothing additional to rehabilitate a person who has served more than fifty percent of his minimum sentence. The Court agrees. At present, Petitioner has served almost two years beyond his minimum sentence.

Although Respondent contends in his motion that he has a reasonable likelihood of prevailing on the merits of the appeal, he has offered no case law in support of his argument. Because Respondent has failed to offer any case law in support of his claim that he has a reasonable likelihood of prevailing on appeal, Respondent has waived his argument on this issue. *Id.*

Respondent next argues that Petitioner is dangerous toward the victim, and others, in this case. The Court is not convinced by Respondent's arguments that Petitioner is a danger to the public.

Second, the Court must consider whether the State will be irreparably injured absent a stay. Respondent argues it would suffer irreparable injury absent a stay because: (1) the State has a clear and obvious interest in continuing custody of Petitioner; and (2) Petitioner's release would pose a real and substantial danger to the public.

The State does not have a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of his constitutional rights. In addition, as the Court found in the opinion granting the writ, Petitioner presents compelling arguments regarding insufficient evidence.

Third, the Court must consider whether issuance of a stay will substantially injure Petitioner. Issuance of a stay without also releasing Petitioner on bond will substantially injure Petitioner.

3

Petitioner would suffer irreparable harm each day he remains imprisoned pursuant to a conviction rendered in violation of the United States Constitution. *See Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) (remedying a prisoner's confinement in violation of the Constitution "is the very essence of the writ of habeas corpus"). Respondent's appeal to the Court of Appeals for the Sixth Circuit could take twelve to eighteen months to be resolved. This would be an unconscionably extended period of time for Petitioner to be incarcerated pursuant to a conviction which this Court has held was rendered in violation of Petitioner's constitutional right based on insufficient evidence.

Finally, the fourth *Hilton* factor requires consideration of where the public interest lies. The public has a dual and sometimes competing interest in the State's sentences being enforced and in the State not incarcerating individuals in violation of the United States Constitution. The public also has an interest in being protected from dangerous individuals.

In this case, the public's interest in having the State's judgments and sentences enforced is overridden by this Court's conclusion that Petitioner's sentence was imposed in violation of his rights.

Against that backdrop, the Court finds that Petitioner presents no significant concern regarding his ability to be released into the community without posing a threat to others.

In sum, Petitioner has an unassailable right not to be incarcerated pursuant to a constitutionally infirm conviction. The Court therefore finds that these competing interests are best reconciled by denying Respondent's motion to stay and granting Petitioner's request for immediate release.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's "Motion to Stay" [dkt. # 53] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for immediate release on Ten Thousand Dollars unsecured bond is **GRANTED** [dkt. # 55].

**IT IS FURTHER ORDERED** that Petitioner report to Pretrial Services with Seventy-Two (72) hours of release.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 8, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 8, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary