UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

      Petitioner,                                    Civil Action No. 2:07-cv-15487

v.                                           HON. ARTHUR J. TARNOW

THOMAS PHILLIPS,

      Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S
REQUEST FOR BOND AS MOOT, DENYING REQUEST FOR IMMEDIATE
CONSIDERATION OF HABEAS PETITION, AND GRANTING RESPONDENT'S
REQUEST FOR ADDITIONAL TIME TO FILE A SUPPLEMENTAL BRIEF**

This 28 U.S.C. § 2254 matter is before the Court because Petitioner Frank Nali filed a

"Motion for the Court to Consider Petitioner's Remaining Issues" [ECF No. 74] and a "Motion

for Immediate Consideration of Request to Remain on Bond Pending Adjudication of the

Remaining Issues" [ECF No. 75]. Both Motions were filed on August 23, 2012. Respondent

filed a Response opposing the Motions on September 5, 2012, and requesting additional time in

which to file a supplemental brief. For the reasons stated, the Court denies Petitioner's Motion

for bond as moot, denies his request for immediate consideration, but grants Respondent's

request for additional time in which to file a supplemental brief.

**I. Background**

On February 26, 2003, Petitioner was convicted of extortion, following a jury trial in the

Circuit Court in Wayne County, Michigan. He was sentenced to four years, two months to

twenty years in prison. The jury convicted Petitioner after hearing evidence that he repeatedly

threatened to send sexually explicit video tapes of his girlfriend to the media and her family and

friends if she broke up with him.  Petitioner followed through on his threat.  Petitioner's appeals were rejected by the state appellate courts.  *People v. Nali*, No. 247843, 2005 WL 3556110 (Mich. Ct. App. Dec. 29, 2005); *People v. Nali*, 475 Mich. 879, 715 N.W.2d 773 (2006)(Table).  Petitioner's motion for relief from judgment, filed with the state trial court, also was denied. *People v. Nali*, No. 02-13154 (Wayne Cnty. Cir. Ct. Feb. 20, 2007).  His applications for leave to appeal the state trial court's decision also were denied by the state appellate courts.  *People v. Nali*, No. 276743 (Mich. Ct. App. June 26, 2007); *People v. Nali*, 480 Mich. 951, 741 N.W.2d 372 (2007) (Table).

On December 27, 2007, Petitioner filed his Habeas Petition, raising eight separate claims for relief.  The Court appointed counsel for Petitioner, and subsequently, counsel filed a supplemental brief addressing Petitioner's insufficient-evidence and ineffective-assistance-of-counsel claims.  On June 29, 2009, the Court granted Petitioner relief on his insufficient-evidence claim and denied relief on his ineffective-assistance-of-counsel claim.  The Court, however, did not address Petitioner's remaining six claims.  *Nali v. Phillips*, 630 F. Supp. 2d 807 (E.D. Mich. 2009).

On June 6, 2012, the Untied States Court of Appeals for the Sixth Circuit reversed the Court's decision.  *Nali v. Phillips*, 681 F.3d 837 (6th Cir. 2012).  The Sixth Circuit did not address the claims that the Court did not adjudicate but simply remanded "for entry of an order in compliance with this decision."  *Id.* at 853.  Therefore, the six claims remain pending before the Court.  The Sixth Circuit's opinion also directed the Court to order Nali to return to prison to serve the remainder of his prison sentence.  *Id.* On August 24, 2012, Petitioner stipulated to

voluntarily surrender himself to the Department of Corrections on August 27, 2012, which he did.  He is currently housed at the Central Michigan Correctional Facility in St. Louis, Michigan.

## II.  Motion for Request for Bond

Petitioner is requesting that the Court extend his bond.  Respondent has filed a Response in opposition.  The Court agrees with Respondent.  Petitioner is not entitled to the relief requested.

To receive bond pending a decision on the merits of a Habeas Petition, a petitioner must show a substantial claim of law based on the facts surrounding the Petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice."  *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)).  "There will be few occasions where a prisoner will meet this standard."  *Dotson*, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Petitioner's request does not contain any exceptional circumstances warranting bond pending a decision in his habeas case.  He only makes a vague reference to his age and unspecified medical ailments, which he does not even claim are extraordinary.  Also, he has failed to show that he cannot obtain the necessary medical services while incarcerated.  The Department of Corrections has a policy which clearly indicates that prisoners have access to necessary medical services.  See Directive No. 03.04.100.

Moreover, since Petitioner has voluntarily surrendered himself to the Department of Corrections, the Court finds that his request is moot.

### III.  Motion to Consider Remaining Issues

The Court construes this Motion as a Motion requesting that the Court expedite its decision relative to Petitioner's remaining issues in his Habeas Petition.  Respondent has filed a response to this Motion, requesting that the Court allow additional briefing with respect to the remaining issues.

The Court finds that Petitioner has failed to show good cause to expedite a ruling on his Petition for habeas relief.  He has not demonstrated that reviewing this matter in the Court's normal course would be prejudicial to his interests or constitute undue delay.  Therefore, the Court will deny Petitioner's request for the Court to immediately consider the remaining issues in his Habeas Petition.

However, the Court grants Respondent's request and will allow him an additional sixty days from the date of this Order to file a supplemental brief.

### IV.  Conclusion

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Immediate Consideration of Request to Remain on Bond Pending Adjudication of the Remaining Issues" [ECF No. 75] is **DENIED** as moot and Petitioner's request to remain on bond is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for the Court to Consider Petitioner's Remaining Issues" [ECF No. 74] also is **DENIED**.  However, the Court **GRANTS** Respondent's request for additional time to file a supplement brief.  The Court will review Petitioner's arguments in the normal course, after it receives Respondent's supplemental briefing

4

on the remaining issues.  Respondent has sixty days from the date of this Order to file his

supplemental brief.  Petitioner will have forty-five days from the date Respondent files his

supplemental brief to file a Reply, if he so chooses to do.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 17, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record
on December 17, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant