UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

    Petitioner,                                        Civil No. 2:07-CV-15487
                                                             HONORABLE ARTHUR J. TARNOW
v.                                                      UNITED STATES DISTRICT JUDGE

THOMAS PHILLIPS,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

On June 20, 2013, this Court reopened petitioner's case to the active docket following the remand of the case from the United States Court of Appeals from the Sixth Circuit for this Court to address petitioner's remaining claims that the Court had not previously considered. The Court denied petitioner's motions to amend the habeas petition, to appoint counsel, and for immediate release from incarceration. With respect to the motion for immediate release from incarceration, this Court concluded that petitioner's release on parole rendered moot his request to be immediately released from incarceration. *See Townsend v. Vasbinder,* 365 Fed. Appx. 657, 660 (6th Cir. 2010). Petitioner has now filed a motion for reconsideration from the Court's denial of his motion for immediate release. For the reasons that follow, the motion for reconsideration is DENIED.

1

*Nali v. Phillips,* 2:07-CV-15487

In his motion for reconsideration, petitioner contends that his request for immediate release has not been rendered moot, because he sought in his motion for immediate release not merely to be discharged from custody but to have his sentence terminated.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004)(*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

To the extent that petitioner seeks the termination of his sentence, such a request is premature, because the Court has yet to adjudicate petitioner's remaining claims. A court can order the immediate release of a habeas petitioner when granting the petitioner habeas relief. *See e.g. Dolfi v. Pontesso,* 156 F. 3d 696, 701 (6th Cir. 1998)*; Hall v. Eichenlaub,* 559 F. Supp. 2d 777, 784 (E.D. Mich. 2008). Because this Court has yet to determine whether petitioner is entitled to habeas relief on his remaining claims, his request for the termination of his sentence is premature. The Court will reconsider petitioner's request if after

2

*Nali v. Phillips,* 2:07-CV-15487

reviewing the petition for writ of habeas corpus, the respondent's answer, and the remaining pleadings, the Court determines that habeas relief is appropriate.

**IT IS HEREBY ORDERED** that the motion for reconsideration [Dkt. # 94] is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 31, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant