**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK NALI,

      Petitioner,                   Civil No. 2:07-CV-15487
                                     HONORABLE ARTHUR J. TARNOW
v.                               UNITED STATES DISTRICT JUDGE

THOMAS PHILLIPS,

      Respondent.
_____/

**OPINION AND ORDER ON REMAND DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN
FORMA PAUPERIS***

      Frank Nali, ("petitioner"), presently on parole supervision with the Michigan

Department of Corrections through the Detroit Metro Parole Office [1] filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he

challenged his conviction for extortion, M.C.L.A. 750.213.  This matter is on

remand from the United States Court of Appeals for the Sixth Circuit following the

reversal of the issuance of a writ by this Court.  For the reasons that follow, the

petition for writ of habeas corpus is DENIED.

---

     [1]  The Court obtained this information from the Michigan Department of
Corrections' Offender Tracking Information System (OTIS), which this Court is
permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d
818, 821, n. 3 (E.D. Mich. 2004).

*Nali v. Phillips,* 2:07-CV-15487

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.  This Court in its original opinion and order granting habeas relief did an extensive recitation of the facts and procedural history of petitioner's case in the state courts. *See Nali v. Phillips,* 630 F. Supp. 2d 807, 810-14 (E.D. Mich. 2009). For the sake of brevity, the Court again adopts these facts and will add only those facts that are necessary for adjudicating petitioner's remaining claims.

The Court granted petitioner relief on his insufficient evidence claim. *Nali v. Phillips,* 630 F. Supp. 2d at 816-19.  The Court denied petitioner relief on his ineffective assistance of counsel, substitution of counsel, and denial of self-representation claims. *Id.,* at 819-22.  The Court, however, did not address petitioner's remaining claims. *Id.,* at 822.

The United States Court of Appeals for the Sixth Circuit reversed the Court's decision. *Nali v. Phillips*, 681 F. 3d 837 (6th Cir. 2012).  The Sixth Circuit did not address the claims that the Court did not adjudicate but simply remanded "for entry of an order in compliance with this decision." *Id.* at 853.

On June 20, 2013, the Court reopened the petition to the Court's active docket and denied petitioner's motion to amend the petition to add an unexhausted claim involving the revocation of petitioner's parole.  The Court gave petitioner thirty days to inform the Court whether he wished to withdraw his

2

*Nali v. Phillips,* 2:07-CV-15487

petition to exhaust this new claim or whether he wished to proceed only with the

exhausted claims that had not been adjudicated by the Court.  Petitioner informed

the Court that he wishes to proceed only with his exhausted claims. (See Dkts. #

95, 96).

In his petition for writ of habeas corpus, petitioner sought relief on the

following claims:

> I. Petitioner was denied due process and a fair trial because there
> was not sufficient evidence to convict Petitioner and the prosecutor
> failed to prove the elements of the crime existed.
>
> II. Petitioner was denied his Sixth Amendment right when the court
> denied him new counsel, including the right to represent himself and
> denying him a continuance.
>
> III. Petitioner was denied his constitutional right to effective
> assistance of counsel.
>
> IV.  Petitioner was denied due process and a fair trial due to
> prosecutorial misconduct.
>
> V. Petitioner was denied due process and a fair trial due to errors by
> the trial court.
>
> VI. MCL 750.213 is unconstitutional.
>
> VII. The trial judge's actions amounted to misconduct and deprived
> Defendant of due process.
>
> VIII. Petitioner was denied due process when the Michigan Parole
> Board failed to follow the statutory guidelines and procedures for
> determining his parolability.

*Nali v. Phillips,* 2:07-CV-15487

The Court already adjudicated petitioner's first three claims in its original

opinion and order.  The Court addresses Petitioner's five remaining claims. [2]

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]  In the opinion reopening the case to the Court's active docket, the Court erroneously stated that it had only adjudicated petitioner's insufficiency of evidence and ineffective assistance claims and had not addressed petitioner's six other claims.  Upon reviewing again its original opinion and order granting habeas relief, the Court notes that it also rejected petitioner's second claim involving the denial of new counsel and the denial of the right to self-representation. *Nali,* 630 F. Supp. 2d at 821-22.  The confusion over the number of claims may be due to the fact that the Court discussed petitioner's second and third claims together under the rubric of ineffective assistance of counsel.  Any attempt by petitioner to relitigate his second claim is barred by 28 U.S.C. § 2244(b)(1). *See In re Bowling,* 422 F.3d 434, 440 (6th Cir. 2005).  The Court will only address petitioner's fourth through eighth claims.

*Nali v. Phillips,* 2:07-CV-15487

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

### A. Claim # 4. The prosecutorial misconduct claims.

In his fourth claim, petitioner contends that he was denied a fair trial because of prosecutorial misconduct. [3]

---

[3] Respondent contends that several of petitioner's remaining claims were never properly exhausted with the state courts and should now be procedurally defaulted because petitioner no longer has any state court remedy with which to

5

*Nali v. Phillips,* 2:07-CV-15487

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993).  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

Petitioner first claims that the prosecutor elicited perjury by asking the following question to the complainant:

> Q [by prosecutor]: There's this message asking you to contact him to resume the relationship?

---

exhaust these claims.  The Court disagrees.  In addition to the brief on appeal filed by appellate counsel, petitioner filed a *pro per* Standard 4 brief on appeal as well as a *pro per* motion to remand.  Petitioner's fourth through seventh claims were raised either in his *pro per* brief or in his motion to remand and were mentioned in the headings of either pleading. See Dkt. # 20-1, 20-2.  Although some of petitioner's claims were only raised in his motion to remand, this is sufficient for the purpose of exhausting a claim for federal habeas review. *See e.g. Elmore v. Foltz,* 768 F. 2d 773, 775 (6th Cir. 1985).

*Nali v. Phillips,* 2:07-CV-15487

A. [the complainant]: Well, to at least talk about it, right.

(Tr. 2/25/03, p. 42).

Petitioner claims that this testimony was false because no such telephone message was sent by him to the complainant.

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998). However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F. 3d 486, 517-18 (6th Cir. 2000).

Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801,

7

*Nali v. Phillips,* 2:07-CV-15487

802 (6th Cir.1971).  Petitioner presented no evidence that the complainant's

testimony about this telephone message was false, accordingly, he is not

entitled to relief on this claim.

Petitioner next claims that the prosecutor violated M.R.E. 404(b)'s

prohibition on the introduction of "prior bad acts" evidence by referring to tapes

and letters that petitioner sent to the complainant in the past. (Tr. 2/25/03, pp.

145-49).

It is "not the province of a federal habeas court to reexamine state-court

determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991).  A federal court is limited in federal habeas review to deciding whether a

state court conviction violates the Constitution, laws, or treaties of the United

States. *Id.*  Thus, errors in the application of state law, especially rulings

regarding the admissibility of evidence, are usually not questioned by a federal

habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the prosecutor violated M.R.E. 404(b) by admitting

this evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514,

519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did

not permit Court to reverse state court conviction based on their belief that the

state trial judge erred in ruling that prior injury evidence was admissible as bad

acts evidence under California law).  The admission of this "prior bad acts" or

8

*Nali v. Phillips,* 2:07-CV-15487

"other acts" evidence against petitioner at his state trial does not entitle him to

habeas relief, because there is no clearly established Supreme Court law which

holds that a state violates a habeas petitioner's due process rights by admitting

propensity evidence in the form of "prior bad acts" evidence. *See Bugh v.*

*Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d

704, 716 (E.D. Mich. 2003).

Petitioner next contends that the prosecutor committed misconduct during

her cross-examination of petitioner with the following exchange:

> Q [the prosecutor]: So, that was her punishment, right?  For her bad
> behavior?
>
> A [the petitioner]: No, if two people have [a] relationship, when they
> break up, who says that one or the other has no right to say
> anything about that relationship?
>
> Q [the prosecutor]: I guess you did.
>
> (Tr. 2/26/03, p. 36). [4]

Petitioner claims that it was somehow inappropriate for the prosecutor to

imply in this exchange that petitioner suggested that he had the right to say

anything about a relationship after the parties broke up.  Petitioner does not

show how this comment was improper.  Moreover, even if the prosecutor's

comment during the cross-examination of petitioner was somehow improper, it

---

[4]  The trial transcript from February 26, 2003 was not provided with the
initial Rule 5 materials but was provided later to the Court. (See Dkt. # 67).

*Nali v. Phillips,* 2:07-CV-15487

was not so flagrant as to amount to prosecutorial misconduct, in light of the fact that the comment was isolated. *See Smith v. Mitchell,* 567 F. 3d 246, 256 (6th Cir. 2009).

Petitioner next contends that the prosecutor made several misrepresentations of fact in her closing argument. Petitioner refers to the prosecutor's comment that petitioner testified that he only threatened to expose the complainant after she broke up with him. (Tr. 2/26/03, pp. 43, 60). Petitioner further claims that the prosecutor misstated the evidence by stating that it was petitioner's "responsibility to punish her to teach her. 'You don't treat me this way.'" (*Id.,* p. 44). Petitioner further claims that the prosecutor misstated the facts by stating: "That was the extortion...You stay with me or I'm going to do this." (*Id.,* p. 45). Petitioner claims that the prosecutor further misrepresented the facts by stating that: "I mean he has referred to the tapes way back when and then after that is was constant."(*Id.,* p. 47). Petitioner claims that the prosecutor further misstated the evidence by stating that petitioner contradicted himself about having given the complainant copies of all the tapes, when petitioner had not contradicted himself. (*Id.,* p. 49). Petitioner further states that the prosecutor committed misconduct by asking the jurors whether it made sense that the complainant would actually take the tapes home to where her husband could find them. (*Id.,* p. 50). Petitioner further states that the

10

*Nali v. Phillips,* 2:07-CV-15487

prosecutor misstated the evidence by arguing that the complainant was afraid and stayed in the relationship against her will. (*Id.,* pp. 48, 51).

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer,* 228 F. 3d 689, 700 (6th Cir. 2000)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 646 (1974)).  Likewise, it is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. *Byrd*, 209 F. 3d at 535. However, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Id.*

The prosecutor's remarks were reasonable inferences from the evidence in this case, thus, she did not commit misconduct in her closing argument.  Any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and statements were not evidence. (Tr. 26/03, p. 66). *See Hamblin v. Mitchell,* 354 F. 3d 482, 495 (6th Cir. 2003).

Petitioner lastly claims that the prosecutor misstated the elements of the crime of extortion.

11

*Nali v. Phillips,* 2:07-CV-15487

The trial court gave the jurors the correct instruction on the elements of

extortion. (Tr. 2/26/03, pp. 72-74).  In light of the trial court's instructions on the

elements required for extortion, any misstatements by the prosecutor concerning

the elements of this crime was harmless error, at most. *See United States v.*

*Deitz,* 577 F. 3d 672, 696-97 (6th Cir. 2009).  Petitioner is not entitled to habeas

relief on his fourth claim.

**B.  Claim # 5.  The Confrontation Clause claim.**

As part of his fifth claim, petitioner appears to argue that the judge violated

his right of confrontation when she informed him that she would not allow

petitioner to recall the complainant to testify if he chose to represent himself after

asking to do so in the middle of trial and after the complainant had testified.

"[T]he Confrontation Clause guarantees only 'an opportunity for effective

cross-examination, not cross-examination that is effective in whatever way, and

to whatever extent, that the defendant might wish.'" *United States v. Owens*, 484

U.S. 554, 559 (1988)(internal quotations omitted).  The Confrontation Clause of

the Sixth Amendment does not prevent a trial judge from imposing limits on a

defense counsel's inquiry into potential bias of a prosecution witness; to the

contrary, trial judges retain wide latitude insofar as the Confrontation Clause is

concerned to impose reasonable limits on such cross-examination based on

concerns about, among other things, harassment, prejudice, confusion of the

12

*Nali v. Phillips,* 2:07-CV-15487

issues, a witness' safety, or interrogation that is repetitive or only marginally

relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).  Where it is merely

the extent of cross-examination into a certain area that is limited, the trial judge

retains much wider latitude of discretion, although that discretion may still be

abused. *Dorsey v. Parke*, 872 F. 2d 163, 166 (6th Cir. 1989).  Where the trial

court limits the extent of cross-examination, the inquiry for the reviewing court is

"whether the jury had enough information, despite the limits placed on otherwise

permitted cross-examination, to assess the defense theory." *Id.*

Matters which relate to the admission of evidence and the recalling and

cross-examining of witnesses "are peculiarly within the province of the trial

judge[.]", who "has a wide latitude and discretion" regarding these issues. *Buder

v. Bell,* 306 F. 2d 71, 75-76 (6th Cir. 1962).  Although a trial judge's errors

regarding these issues may be the subject of an appeal, "[R]arely would such

errors warrant a collateral attack on a judgment of conviction as being a denial of

due process of law." *Id.*

The trial judge's refusal to permit petitioner to recall the complainant to

testify did not violate his right to confrontation because there has been no

showing that petitioner had any proposed areas of inquiry that would have

yielded significant impeachment evidence against the complainant's trial

*Nali v. Phillips,* 2:07-CV-15487

testimony. *See Stewart v. Wolfenbarger,* 468 F. 3d 338, 348 (6th Cir. 2006).

Petitioner is not entitled to habeas relief on this claim.

### C.  Claim # 5.  The jury instruction claims.

Petitioner also alleges instructional error in his fifth claim.

The burden of demonstrating that an erroneous instruction was so

prejudicial that it will support a collateral attack upon the constitutional validity of

a state court conviction is even greater than the showing required in a direct

appeal.  The question in such a collateral proceeding is whether the ailing

instruction so infected the entire trial that the resulting conviction violates due

process, not merely whether the instruction is undesirable, erroneous, or even

"universally condemned," and an omission or incomplete instruction is less likely

to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S.

145, 154-155 (1977).  The challenged instruction must not judged in isolation but

must be considered in the context of the entire jury charge. *Jones v. United*

States, 527 U.S. 373, 391 (1999).  Further, any ambiguity, inconsistency or

deficiency in a jury instruction does not by itself necessarily constitute a due

process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).  It is not

enough that there might be some "slight possibility" that the jury misapplied the

instruction. *Id.* at 191.

14

*Nali v. Phillips,* 2:07-CV-15487

Petitioner first claims that the judge should have *sua sponte* instructed the jurors on the defense theory of the case.

"The failure to give a defense-theory instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 765 (E.D. Mich. 2004). Defense counsel argued petitioner's defense theory to the jury in his closing argument. (Tr. 2/26/03, pp. 52-57). The judge instructed the jurors that the prosecutor had to prove petitioner guilty beyond a reasonable doubt and instructed them on the elements of the crime of extortion, (*Id.,* pp. 63-64; 72-74). In light of defense counsel's closing argument and the judge's instructions, the failure to instruct the jurors on the defense's theory did not deprive petitioner of a fair trial so as to entitle him to habeas relief. *Id.* at 765-66.

Petitioner next contends that although the judge instructed the jurors that no act but a threat was required to establish the crime of extortion, the judge failed to define the term "threat."

The Sixth Circuit held that *"*[a] trial court 'need not define familiar English words when the jury can appreciate their meaning without special knowledge.'" *U.S. v. Lentsch,* 369 F. 3d 948, 954 (6th Cir. 2004)(quoting *U.S. v. Mack,* 159 F.

15

*Nali v. Phillips,* 2:07-CV-15487

3d 208, 218 (6th Cir. 1998)). Here, the term "threat" involves a familiar English word that the jury could understand without special knowledge or instruction.

Petitioner next claims that the judge failed to read back the testimony of several witnesses.

There is no federal constitutional law which requires that a jury be provided with a witness' testimony. *See Bradley v. Birkett,* 192 Fed. Appx. 468, 477 (6th Cir. 2006). The reason for this is that there is no U.S. Supreme Court decision that requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub,* 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim that a state trial court violated his right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding. *Bradley,* 192 Fed. Appx. at 477; *Spalla v. Foltz,* 615 F. Supp. 224, 233-34 (E.D. Mich. 1985). Given the lack of holdings by the Supreme Court on the issue of whether a state trial judge is required to re-read the testimony of witnesses or provide transcripts of their testimony to jurors upon their request, the Michigan Court of Appeals' rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008).

Petitioner next claims that the judge erred in failing to place on the record the supplemental instructions that she gave to the jurors concerning the

16

*Nali v. Phillips,* 2:07-CV-15487

elements of the offenses.  The Michigan Court of Appeals rejected the claim, on the ground that the judge provided the jurors with written copies of the instructions. *People v. Nali,* 2005 WL 3556110, * 4 (Mich.Ct.App. December 29, 2005).

A trial judge's decision to allow the jury to have written instructions is one within the trial court's discretion. *United States v. Blane*, 375 F.2d 249, 255 (6th Cir.1967); *see also Warner v. Zent*, 997 F. 2d 116, 131 (6th Cir. 1993)(trial court did not commit prejudicial error providing written instructions to the jury); *United States v. Henry*, 878 F. 2d 937, 940 (6th Cir. 1989); *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995)(trial court did not err in providing the jury with written instructions relating only to substantive counts rather than the full set of instructions after the court had conducted a colloquy with the jury foreman).  "Under federal law, a trial court judge is not required to orally present all of the jury instructions to jurors; nor is a trial court judge prohibited from providing written instructions to the jury." *Shaw v. Bell*, No. 2:06–CV–14506; 2009 WL 1508170, * 9 (E.D.Mich. May 29, 2009).  Petitioner does not claim that the written instructions were defective.  Because there is no clearly established law requiring that oral instructions be given to the jury, petitioner is not entitled to habeas relief on his claim. *Id.*

17

*Nali v. Phillips,* 2:07-CV-15487

**D.  Claim # 6.  The challenge to the constitutionality of the extortion statute.**

Petitioner next contends that Michigan's extortion statute is unconstitutionally vague.

The Michigan Court of Appeals rejected petitioner's claim:

Defendant's contention, that the extortion statute is unconstitutionally vague, was rejected by this Court. *Hubbard, supra* at 483-486. Further, contrary to what defendant argues, the statute does not impermissibly impinge on First Amendment freedom of expression.  A law directed at expressive conduct is constitutional if it furthers an important or substantial government interest that is unrelated to free expression and the incidental restriction on First Amendment rights is no greater than is essential to further that interest. *United States v. O'Brien*, 391 U.S. 367, 377; 88 S Ct 1673; 20 L. Ed. 2d 672 (1968). The extortion statute is aimed at preventing coercion, which is a legitimate government interest unrelated to free expression.  For these reasons, we reject this claim of error.

*Nali,* Slip. Op. at * 4.

Under the Federal Constitution, "a criminal statute must give fair warning of the conduct that it makes a crime." *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964)  The Supreme Court has indicated that "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983).  "[I]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly

18

*Nali v. Phillips,* 2:07-CV-15487

defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  A law thus fails

to comport with the Due Process Clause of the federal constitution "if it is so

vague and standardless that it leaves the public uncertain as to the conduct it

prohibits...." *Giaccio v. Pennsylvania,* 382 U.S. 399, 402–03 (1966).  Indeed, the

purpose of the Due Process Clause's fair notice requirement is to enable an

ordinary citizen to conform his or her conduct to the law, because "[N]o one may

be required at peril of life, liberty or property to speculate as to the meaning of

penal statutes." *City of Chicago v. Morales*, 527 U.S. 41, 58 (1999)(quoting

*Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939)).  The problem with a vague

law or statute is that it "impermissibly delegates basic policy matters to

policemen, judges, and juries for resolution on an ad hoc and subjective basis,

with the attendant dangers of arbitrary and discriminatory application." *Grayned,*

408 U.S. at 108-09.

    First Amendment overbreadth challenges to state statutes are also

reviewable in a petition for writ of habeas corpus. *See Staley v. Jones,* 239 F.3d

769, 781 (6th Cir. 2001).  In evaluating a facial challenge to a state law, however,

a federal court, must consider any limiting construction that a state court or

enforcement agency has proffered. *Id.* at 782.  The overbreadth of a statute

must not only be real, but substantial as well, judged in relation to the statute's

plainly legitimate sweep where conduct and not merely speech is involved.

19

*Nali v. Phillips,* 2:07-CV-15487

*Broadrick v Oklahoma*, 413 U.S. 601, 614-15 (1973).  Thus, "overbreadth scrutiny diminishes as the behavior regulated by the statute moves from pure speech toward harmful, unprotected conduct." *Staley,* 239 F.3d at 785. Moreover, the overbreadth doctrine "has been employed by the [Supreme] Court sparingly and only as a last resort." *Id.* at 787.  The Supreme Court has also indicated that facial challenges to criminal statutes on overbreadth grounds are discouraged, because "they invite judgments on fact-poor records," and also "call for relaxing familiar requirements of standing." *Sabri v. United States,* 541 U.S. 600, 609 (2004).  Finally, "whatever overbreadth exists can be cured on a case-by-case basis." *Staley,* 239 F.3d at 787.

Michigan's extortion statute states, in pertinent part:

Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony...

M.C.L.A. 750.213.

The Michigan Supreme Court recently held that Michigan's extortion statute is not unconstitutionally vague because the clear language of the statute prohibits a person from maliciously threatening to injure another person with the intent to compel that person to do any act against his will. *People v. Harris*, 495

20

*Nali v. Phillips,* 2:07-CV-15487

Mich. 120, 140, 845 N.W. 2d 477 (2014).  The Michigan Supreme Court

conclued that the Michigan Legislature's "inclusion of a malice requirement

provides law enforcement, judges, and juries with an explicit standard for

applying MCL 750.213." *Id.* at 135-36.  The Michigan Supreme Court further

concluded that the inclusion of a scienter requirement in the extortion statute,

namely, that the defendant "maliciously" threaten another, mitigated the statute's

vagueness. *Id.* at 138.

　　In *United States v. Coss,* 677 F. 3d 278 (6th Cir. 2012), the Sixth Circuit

rejected a similar vagueness challenge to the federal extortion statute, 18 U.S.C.

§ 875(d).  The Sixth Circuit concluded that the statute was not vague or

overbroad because the statute criminalized, in a "in a clear and precise manner,

extortionate threats, which are true threats, and therefore not protected speech."

*Id.* at 289.  The Sixth Circuit further concluded that "[E]xtortion, like robbery or

murder, refers to criminal conduct that has a commonly understood meaning

providing ample notice of the conduct falling within its ambit, limiting the potential

for abuse in enforcement, and ensuring that protected First Amendment speech

is not within its reach." *Id.*  The Sixth Circuit reasoned that § 875(d)'s

requirement that the threat be wrongful and done with the specific intent to extort

circumscribed the reach of the statute and prevented it from being

unconstitutionally vague or overbroad. *Id.* at 289-90.

21

*Nali v. Phillips,* 2:07-CV-15487

Michigan's extortion statute likewise is not unconstitutionally vague or overbroad.  The statute requires that a defendant maliciously threaten to accuse another of any crime or offense, or threaten any injury to the person or property or mother, father, husband, wife or child of another with intent to extort money or any pecuniary advantage or with the intent to compel the person who is threatened to do or refrain from doing any act against his or her will.  The requirement of malicious intent is sufficient to circumscribe the reach of Michigan's extortion statute to prevent it from being overbroad.  Moreover, the term extortion refers to conduct that has a "commonly understood meaning" that would put petitioner on notice that his conduct is criminal.  Lastly, because extortionate threats are not protected by the First Amendment, Michigan's extortion statute does not impinge on petitioner's First Amendment freedoms. Petitioner is not entitled to relief on his sixth claim.

### E.  Claim # 7.  The judicial misconduct claim.

Petitioner next contends that he was deprived of a fair trial because of judicial misconduct.

The right to an impartial judge is a right whose deprivation a state prisoner may complain of in a federal habeas corpus proceeding. *Tyson v. Trigg*, 50 F. 3d 436, 438 (7th Cir. 1995)(citing to *Turner v. Ohio*, 273 U.S. 510, 523 (1927); *In Re Murchison*, 349 U.S. 133 (1955)).  Trial judges have a wide latitude in

22

*Nali v. Phillips,* 2:07-CV-15487

conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *Harrington v. State of Iowa*, 109 F. 3d 1275, 1280 (8th Cir. 1997); *Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).

However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Duckett v. Godinez*, 67 F. 3d 734, 740 (9th Cir. 1995); *Brown v. Palmer,* 358 F. Supp. 2d at 657.  To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Brinlee v. Crisp*, 608 F. 2d 839, 852-53 (10th Cir. 1979); *Brown,* 358 F. Supp. 2d at 657.  A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F. 2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657.

Petitioner first contends that the judge committed misconduct at the beginning of trial by giving her personal card to the jurors and informing them that they should call her if there were any delays in the case.  Petitioner argues

23

*Nali v. Phillips,* 2:07-CV-15487

that the judge should have informed the jurors to call the court clerk instead of the judge if there were any delays.

Petitioner is not entitled to relief on this portion of his claim because there is nothing to suggest that the judge's giving of her card to the jurors and to call her if there were delays in the case demonstrated any bias against petitioner or suggested that she had an opinion as to petitioner's guilt.

Petitioner next contends that the judge committed misconduct when she informed petitioner, in response to his request to represent himself, that it would not look good for him to do so and further informed petitioner that she would not allow him to recall the complainant if he chose to represent himself.  Petitioner further contends that the judge coerced him into giving up his right to represent himself.  Petitioner further claims that the judge committed misconduct by permitting the prosecutor to submit written instructions on the elements of extortion to the jurors.  Lastly, petitioner points to comments made by the judge at sentencing, in which she referenced negatively to petitioner's economic status and subsequently exceeded the sentencing guidelines range.

Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *Vliet v. Renico,* 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002); *Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).  Most of the judge's comments dealt with warning petitioner about the dangers of self-

24

*Nali v. Phillips,* 2:07-CV-15487

representation.  Moreover, the giving of an excessive sentence in and of itself

does not establish judicial bias.  *See Liteky v. U.S.*, 510 U.S. 540, 542, 556

(1994).  Petitioner is not entitled to habeas relief on his seventh claim.

### F.  Claim # 8.  The parole denial claim.

Petitioner lastly claims that he was wrongly denied parole.  Petitioner's

claim is moot, because he has been released on parole.  Petitioner's release on

parole renders his final claim moot, because there is no longer a case or

controversy to litigate.  *See Townsend v. Vasbinder,* 365 Fed. Appx. 657, 660 (6th

Cir. 2010); *Mannino v. Gluch,* 891 F. 2d 291; No. 1989 WL 145909, * 1 (6th Cir.

December 4, 1989).

### G.  The Court denies petitioner's requests for oral argument, an evidentiary hearing, and discovery.

In his reply brief, petitioner requests oral argument, an evidentiary hearing,

and discovery.

A federal district court can grant oral argument in a habeas case where it

would assist in resolving the matters raised in the habeas petition.  *See e.g.*

*Haskell v. Berghuis,* 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010).  In light of the

fact that this Court has determined from the pleadings that petitioner is not

entitled to habeas relief, the Court will deny the motion for oral argument.  *See*

*Lovely v. Jackson*, 337 F. Supp. 2d 969, 978 (E.D. Mich. 2004).

*Nali v. Phillips,* 2:07-CV-15487

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001).  In light of the fact that petitioner's remaining claims are devoid of merit, he is not entitled to an evidentiary hearing on these claims.  In light of the fact that petitioner's claims are without merit, petitioner is not entitled to seek discovery in support of his claims. *See Sellers v. U.S.,* 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004).

## H.  A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full

*Nali v. Phillips,* 2:07-CV-15487

merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

*Nali v. Phillips,* 2:07-CV-15487

**IV. CONCLUSION**

For the reasons stated above, this Court concludes that Petitioner Nali is not entitled to federal-habeas relief on the remaining claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 16, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 16, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

28